**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ITZHAK LOZ,<br>(a/k/a Ari, a/k/a Avi),<br>RONEN FAKIRO,<br>BOAZ BOROHOV,<br>OFRA BOROHOV,<br>ARKADIY BANGIYEV,<br>(a/k/a Alex),<br>EDUARD BANGIYEV,<br>(a/k/a Eddie),<br>JOHNNY LEE,<br>(a/k/a Ramel, a/k/a Ra, a/k/a Jason Carter),<br>TARELL JOHNSON,<br>(a/k/a Nu Nu, a/k/a Nu),<br>CRAIG JOHSNON,<br>(a/k/a Uncle Bill),<br>SHANNON SMITH,<br>FREDERICK BARRETT,<br>RAMEL EPPS,<br>BRATTIE GUERRA,<br><br>Defendants. | **<u>EXHIBITS FILED UNDER SEAL</u>**<br><br>Criminal No. 1:14CR206<br><br>The Hon. Liam O'Grady<br>Trial Date: January 12, 2015 |

**<u>MOTION TO SEVER DEFENDANT ITZHAK LOZ</u>**

Defendant Itzhak Loz, through undersigned counsel, respectfully moves this Court to sever his trial from that of the other defendants. As set forth more fully in the Memorandum in Support, failure to sever Mr. Loz will result in a violation of his Sixth Amendment right to confront his accusers.

Dated: October 31, 2014

Respectfully submitted,

ITZHAK LOZ
By Counsel

/s/ Edsel Jay Guydon

Edsel Jay Guydon (VA Bar No. 37021)
William R. Martin (admitted *pro hac vice*)
**MARTIN & GITNER PLLC**
2121 K Street, NW, Suite 850
Washington, DC 20037
Tel. (202) 331-2121
Fax. (202) 331-5086
Edsel.guydon@martingitnerlaw.com
*Attorney for Defendant Itzhak Loz*

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

UNITED STATES OF AMERICA

v.

ITZHAK LOZ,
(a/k/a Ari, a/k/a Avi),
RONEN FAKIRO,
BOAZ BOROHOV,
OFRA BOROHOV,
ARKADIY BANGIYEV,
(a/k/a Alex),
EDUARD BANGIYEV,
(a/k/a Eddie),
JOHNNY LEE,
(a/k/a Ramel, a/k/a Ra, a/k/a Jason Carter),
TARELL JOHNSON,
(a/k/a Nu Nu, a/k/a Nu),
CRAIG JOHSNON,
(a/k/a Uncle Bill),
SHANNON SMITH,
FREDERICK BARRETT,
RAMEL EPPS,
BRATTIE GUERRA,

Defendants.

**EXHIBITS FILED UNDER SEAL**

Criminal No. 1:14CR206

The Hon. Liam O'Grady
Trial Date: January 12, 2015

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT ITZHAK LOZ'S MOTION TO SEVER**

Defendant Itzak Loz, through undersigned counsel, hereby submits his Memorandum in Support of Motion to Sever.

## I. INTRODUCTION

A defendant's Sixth Amendment right to confront his accusers is implicated when "a non-testifying codefendant's statement clearly implicates the defendant." *United States v. Oliver*, 2013 WL 856704, at **1 (4th Cir. March 8, 2013). The discovery provided to date

demonstrates that two of the codefendants in this case made statements to law enforcement officers that implicate Mr. Loz. At this time, there is no indication that those two codefendants will be testifying at trial, nor do they need to make that determination at this pre-trial stage. However, if the trial proceeds and the government introduces those statements without the codefendants testifying, Mr. Loz's right to confrontation will be denied. In this circumstance, the law supports severance of Mr. Loz from the trial of his codefendants.

## II. LEGAL STANDARD

While "[t]here is a preference in the federal system for joint trials of defendants who are indicted together," this preference is not absolute. *United States v. Wigenton*, 2012 WL 3140329, at **4 (4th Cir. Aug. 3, 2012) (*citing Zafiro v. United States*, 506 U.S. 534, 537 (1993)). Indeed, the Fourth Circuit has recognized that severance is appropriate when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants." *Id.* (*citing Zafiro*, 506 U.S. at 539). Specifically, the Fourth Circuit has held that a defendant's Sixth Amendment right to confront his accusers is implicated when "a non-testifying codefendant's statement clearly implicates the defendant." *United States v. Oliver*, 2013 WL 856704 at **1.

In a lengthy decision discussing the history and application of the Confrontation Clause, the Supreme Court noted that the Confrontation Clause applies to witnesses who "bear testimony." *Crawford v. Washington*, 541 U.S. 36, 51 (2004). "An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." *Id.* Ultimately, "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial," were deemed to be testimonial. *Id.* at 52. The Supreme Court specifically found that statements taken by police officers in the course of

interrogations were testimonial. *See id.* Ultimately, the *Crawford* court held that "[t]estimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Id.* at 59.

In light of the protections afforded by the Confrontation Clause, the Fourth Circuit has held that "statements that facially incriminate the defendant violate the Confrontation Clause." *Oliver*, 2013 WL 856704, at **1. The Fourth Circuit has examined what statements "facially incriminate" a defendant and found certain exceptions. For example, in *United States v. Oliver*, the defendant's name was replaced with "the driver" and because the statement was "written in the third person and in grammatically correct phrases; the replacement of Oliver's name with 'the driver' did not result in any obvious indication of deletion." 2013 WL 856704, at **2. Similarly, in *Wigenton*, there was no Confrontation Clause issue because the co-defendants statements did not mention the names of anyone else nor did the statement provide the means of identifying them. 2012 WL 3140329, at **5.

The statements at issue in this case are custodial statements of two codefendants. Each statement identifies Mr. Loz by name, thereby directly implicating him. Thus, Mr. Loz is entitled to the protections afforded him by the Confrontation Clause, and must be severed from this case.

**III. ARGUMENT**

On May 28, 2014, codefendants Boaz Borohov and his wife Ofra Borohov were detained and questioned separately by Special Agents of the United States Secret Service. Each individual was read his/her rights prior to answering the questions of the law enforcement officers. As part of the discovery in this case, the government has produced a Memorandum of Interview from each of these interrogations. (Memorandum of Interview from Boaz Borohov, attached under seal as Ex. 1; Memorandum of Interview from Ofra Borohov, attached under seal

as Ex. 2.) A review of these memoranda demonstrates that each of these two codefendants talked extensively about his/her relationship with Mr. Loz and provided information about alleged work performed at the request of Mr. Loz.

As the government produced this information in discovery, it is clear that the government will rely on the information in these statements as evidence at trial. As the Borohovs are defendants, the government is likely to call the special agents that interviewed each of these individuals to testify about the contents of those statements. This is likely to be admissible evidence against the Borohovs as statements of the defendants. However, because the statements directly implicate Mr. Loz, any testimony regarding these statements violates the rights afforded him under the Confrontation Clause. As there is no applicable exception to allow these statements to be introduced, Mr. Loz must be severed from this case.

**a. The Co-Defendant Statements Are Testimonial**

The *Crawford* Court made clear that police officer interrogations are testimonial statements, which trigger the protections of the Confrontation Clause. *See Crawford*, 541 U.S. at 52. Here both Mr. and Mrs. Borohov were detained, read their Miranda rights, and interviewed by agents of the United States Secret Service. (*See* Exs. 1 & 2.) Thus, there is no question that the statements at issue are testimonial.

**b. The Co-Defendant Statements Implicate Mr. Loz**

The statements of Mr. and Mrs. Borohov directly implicate Mr. Loz. These statements are not written in the third-person, nor do they refer to individuals without providing names or identifying information. To the contrary, almost the entirety of both statements involves information solely related to Mr. Loz. For instance, each statement involves testimony regarding the following:

- How the co-defendant allegedly began working for Mr. Loz;

- Where the co-defendant allegedly worked;
- What type of work the co-defendant allegedly performed for Mr. Loz;
- Information regarding alleged travel by Mr. Loz.

These statements have been attached under seal in their entirety so that the Court can review and fully appreciate the gravity of these statements should they be admitted in a trial against Mr. Loz without the ability of Mr. Loz to cross-examine these individuals.

**c. The Co-Defendant Statements Cannot Be Altered So as to Not Implicate Mr. Loz**

The statements at issue are oral statements provided as part of an interrogation, for which the Secret Service has created Memoranda of Interviews. This is not a case where the statements can somehow be redacted in a manner that will not implicate Mr. Loz. To the contrary, the agents that will testify regarding these allegations will provide statements of a non-testifying codefendant that directly implicate Mr. Loz. As the Borohovs are non-testifying codefendants, allowing testimony regarding their statements that directly implicate Mr. Loz is a violation of his rights under the Confrontation Clause and, as such, severance is warranted.

## IV. CONCLUSION

Based on the foregoing, in order to protect Mr. Loz's rights under the Confrontation Clause, his trial must be severed from that of his codefendants.

Dated: October 31, 2014

Respectfully submitted,

ITZHAK LOZ
By Counsel

/s/ Edsel Jay Guydon
Edsel Jay Guydon (VA Bar No. 37021)
William R. Martin (admitted *pro hac vice*)
**MARTIN & GITNER PLLC**

2121 K Street, NW, Suite 850
Washington, DC 20037
Tel. (202) 331-2121
Fax. (202) 331-5086
Edsel.guydon@martingitnerlaw.com
*Attorney for Defendant Itzhak Loz*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of October 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

/s/ Edsel Jay Guydon

Edsel Jay Guydon (VA Bar No. 37021)
**MARTIN & GITNER PLLC**
2121 K Street, NW, Suite 850
Washington, DC 20037
Tel. (202) 331-2121
Fax. (202) 331-5086
Edsel.guydon@martingitnerlaw.com
*Attorney for Defendant Itzhak Loz*