**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | |
| ITZHAK LOZ, | ) | Criminal No. 1:14CR206 |
| Defendant. | ) | The Hon. Liam O'Grady<br>Trial Date: January 20, 2015 |

**DEFENDANT ITZHAK LOZ'S MOTION *In Limine* TO EXCLUDE 404(b) AND 609(b) EVIDENCE**

Now comes Defendant Itzhak Loz, by and through undersigned counsel and hereby moves this Court to prohibit the Government from admitting evidence of a prior conviction for 404(b) or 609(b) evidence because the evidence sought to be admitted is highly prejudicial.

## I. Introduction and Proposed Evidence

On December 31, 2014 the Government sent correspondence giving notice of its intent to introduce evidence of Defendant Loz's prior criminal conviction from Israel dated October 28, 1998 as 404(b) evidence and possibly as impeachment evidence pursuant to FRE 609(b). (*See* Govt. Notice, attached as Ex. 1.) Mr. Loz was convicted of "conspiracy and forgery of a bank note" and "possession of material for forging banknotes." *Id*. The Government has not produced any other information relating to this sixteen year old conviction. The documents that have been produced do not give any detail as to the circumstances of the alleged conviction or what type of "bank note" was involved.

## II. Legal Argument

Rule 404 prohibits the use of evidence of prior acts that demonstrate a Defendant's character or propensity to commit certain crimes. *See* FRE 404; *see generally United States v. Herevia*, No. RDB-13-639, 2014 WL 4784321 (D. Md. Sept. 23, 2014) ("Rule 404(b) prohibits evidence of other crimes, wrongs, or acts to prove a defendant's character or propensity to commit a crime, but it may be admissible for other purposes, such as proof of knowledge, intent, or a defendant's *modus operandi*.") Evidence should be "excluded under Rule 404(b) if its probative value is substantially outweighed by its unfair prejudice to the defendant." *Id*. (citing *United States v. Johnson*, 617 F.3d 286, 296-97 (4th Cir. 2010)); *see also* Rule 403.

Additionally, under FRE 609(b) evidence of a conviction is admissible only if "(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect…" Subdivision (b) of FRE 609 applies when, as in our case, the conviction in question is more than ten years old.

## III. Argument

The Government should be prohibited from using Mr. Loz's 1998 Israeli conviction because it is being used to show that Mr. Loz has a propensity for committing the types of counterfeiting acts that are alleged in the Superseding Indictment. Further, the prejudicial effect of introducing the conviction for either 404(b) evidence or 609(b) impeachment evidence is extremely prejudicial and this prejudice is not outweighed by any potential probative value.

The Government asserts that the convictions are relevant to "show the defendant's state of mind, rather than criminal disposition." This statement might hold more weight if Mr. Loz had multiple convictions or the Government sought to introduce a conviction closer in time to the current charges. However, the conviction from Israel is from 1998. To now state that this conviction is relevant to the state of mind of Mr. Loz some sixteen years later is a bit of a stretch.

Additionally, there is no information that has been produced to indicate any of the underlying circumstances of the conviction. The documents do not state what type of bank note was involved, or give any other identifying information that would support the fact that Mr. Loz's state of mind was similar to that in the current indictment.

Mr. Loz was convicted and sentenced in 1998. Allowing this evidence before the jury will be highly prejudicial to Mr. Loz. This evidence could lead to jury confusion or risk of Mr. Loz being convicted and judged based on the prior conviction instead of the allegations in the current indictment. *See* FRE 403 (evidence should be excluded when its "probative value is substantially outweighed by the danger of unfair prejudice, confusion to the issues, or misleading the jury …")(quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)). Mr. Loz already served his sentence and should not therefore, be tried for the same crime again.

## IV. Conclusion

Therefore, in conclusion, Mr. Loz respectfully requests that this Court prohibit the Government from introducing the criminal conviction into evidence as either 404(b) or 609(b) evidence.

Dated: January 9, 2015

Respectfully submitted,

ITZHAK LOZ
By Counsel

/s/ Edsel Jay Guydon

Edsel Jay Guydon (VA Bar No. 37021)
William R. Martin (admitted *pro hac vice*)
**MARTIN & GITNER PLLC**
2121 K Street, NW, Suite 850
Washington, DC 20037

Tel. (202) 331-2121
Fax. (202) 331-5086
Edsel.guydon@martingitnerlaw.com
*Attorney for Defendant Itzhak Loz*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of January 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

/s/ Edsel Jay Guydon
Edsel Jay Guydon (VA Bar No. 37021)
**MARTIN & GITNER PLLC**
2121 K Street, NW, Suite 850
Washington, DC 20037
Tel. (202) 331-2121
Fax. (202) 331-5086
Edsel.guydon@martingitnerlaw.com
*Attorney for Defendant Itzhak Loz*