# EXHIBIT 1

**U.S. Department of Justice**

*United States Attorney*

*Eastern District of Virginia*

Kimberly Riley Pedersen
Assistant United States Attorney
Justin W. Williams United States Attorney's Building
2100 Jamieson Ave
Alexandria, Virginia 22314-5794
(703)-299-3700

December 31, 2014

Billy Martin, Esq.
Sasha Battle, Esq.
Martin & Gitner PLLC
2121 K Street NW, Suite 850
Washington, DC 20037
billy.martin@martingitnerlaw.com

Re: *United States v. Itzhak Loz* (1:14CR206)(USDC/EDVA)

Dear Counsel:

A copy of the defendant's prior criminal convictions from Israel, along with an English translation of the same by Achi Fachler, a Hebrew translator, has been provided previously to you in discovery, along with the translator's resume. Today, we have provided in discovery another certification by Advanced Staff Sergeant Major Asher Sprecher of the Israeli National Police, that the Israeli criminal records are true and accurate.

The United States hereby gives notice that pursuant to FRE 404(b) and FRE 609, it may seek to introduce evidence of defendant Itzhak Loz's prior criminal convictions from the Magistrate Court, Kiryat Gat, Israel dated 28 October 1998 for the following offenses:

(1) conspiracy and forgery of a bank note, in violation of paragraph 499(a)(1) and paragraph 462(1) of the Penal law 5737-1977; and

(2) possession of material for forging banknotes, in violation of paragraph 464(1) of the Penal law 5737-1977.

Evidence of these prior convictions, pursuant to FRE 404(b), is admissible at trial in the instant case not to prove the defendant's character, but to show his knowledge, criminal intent, and absence of mistake or accident in the instant case. In other words, the defendant's convictions are relevant to show the defendant's state of mind, rather than criminal disposition, and their probative value far outweighs any unfair prejudicial effect.

In addition, pursuant to FRE 609(b), the government hereby gives notice of its intent to use evidence of the defendant's 1998 criminal convictions from Israel to impeach the defendant should he decide to testify as a witness in this case. According to FRE 609(a)(1), evidence that a witness has been convicted of a crime punishable by death or imprisonment in excess of one year in the convicting jurisdiction, shall be admitted in a criminal case in which the witness is a defendant if the probative value of the evidence outweighs its prejudicial effect to that defendant; and the evidence must be admitted for any crime regardless of the punishment, if the court can readily determine that establishing the elements of the crime required proving, or the witness's admitting, a dishonest act or false statement.

Very truly yours,

DANA J. BOENTE
UNITED STATES ATTORNEY

By: /s/
Kimberly Riley Pedersen
Assistant United States Attorney