IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 1:14cr206 |
| v. | ) | |
| | ) | |
| ITZHAK LOZ, *et al.* | ) | |

GOVERNMENT'S NOTICE OF INTENT TO USE EVIDENCE OF OTHER ACTS
PURSUANT TO FRE 404(b)

Pursuant to Federal Rule of Evidence 404(b), the United States hereby gives notice that it may seek to introduce evidence of "other acts" of defendant Eduard Bangiyev to show that from 2008 through 2013, the defendant had unexplained wealth which was not derived from his employment in the jewelry business.

At trial, the United States may seek to introduce evidence from the defendant's personal Federal Income Tax Returns (Form 1040) from 2008 through 2013 to show the amount of his reported adjusted gross income from employment at A.K. 47th Street Buyers and Westbury Jewelry. In addition, the United States may seek to introduce evidence from over 60 reported currency transactions, in excess of $10,000, that Eduard Bangiyev made at various Atlantic City casinos from 2011 through 2013. These currency transactions during this time period were in excess of his reported annual adjusted gross income for those same years.

Pursuant to FRE 404(b), Eduard Bangiyev's reported personal income and numerous casino transactions in excess of that annual income, while not necessarily prior bad acts, is evidence of unexplained wealth. Such facts also give rise to a reasonable inference that the defendant's unexplained wealth was derived from sources other than the jewelry business, including the counterfeiting of U.S. currency. In this case, the defense at trial is expected to

introduce evidence that the defendant earned legitimate income through his employment in the jewelry business, including Westbury Jewelry, and more recently, A.K. 47th Street Buyers.

Here, evidence of Eduard Bangiyev's unexplained wealth is relevant and admissible to show some of the defendant's motives and intent to engage in counterfeiting: greed, a desire to make money and a gambling habit. This evidence does not tend to establish the defendant's criminal disposition, as it is just "other acts" evidence and not evidence of other crimes or bad acts. However, the probative value of this evidence, in light of the defense's anticipated reliance on evidence that the defendant's financial transactions were the produce of lawful and regular business transactions, far outweighs any unfair prejudicial effect.[1]

Dana J. Boente
United States Attorney

By: /s/

Kimberly R. Pedersen
Assistant United States Attorney
Gordon D. Kromberg
Assistant United States Attorney
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
(703) 837-8242 (fax)
Kimberly.riley.pedersen@usdoj.gov

---

[1]The Fourth Circuit has broadly interpreted Rule 404(b), holding that it "is an inclusive rule that allows admission of evidence of other acts relevant to an issue at trial except that which proves only criminal disposition." *United States v. Watford*, 894 F.2d 665, 671 (4th Cir.1990).

CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2015, I electronically filed the foregoing GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE OTHER ACTS EVIDENCE with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

By: /s/

Kimberly R. Pedersen
Assistant United States Attorney
Gordon D. Kromberg
Assistant United States Attorney
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
(703) 837-8242 (fax)
Kimberly.riley.pedersen@usdoj.gov