IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 1:14cr206 |
| v. | ) | |
| | ) | |
| ITZHAK LOZ, *et al.* | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT LOZ'S MOTION *IN LIMINE* TO EXCLUDE 404(b) AND 609(b) EVIDENCE

Pursuant to Federal Rule of Evidence 404(b), the United States has given notice that it may seek to introduce evidence of defendant Itzhak Loz's prior criminal convictions from the Magistrate Court, Kiryat Gat, Israel dated 28 October 1998 for the following offenses:

(1) conspiracy and forgery of a bank note, in violation of paragraph 499(a)(1) and paragraph 462(1) of the Penal law 5737-1977; and

(2) possession of material for forging banknotes, in violation of paragraph 464(1) of the Penal law 5737-1977.

Evidence of these prior convictions, pursuant to FRE 404(b), is admissible at trial in the instant case not to prove the defendant's character, but to show his knowledge, criminal intent, and absence of mistake or accident in the instant case. In other words, the defendant's convictions are relevant to show the defendant's state of mind, rather than criminal disposition, and their probative value far outweighs any unfair prejudicial effect.[1] The fact that this evidence is highly prejudicial is what makes it relevant and material; it is not the legal basis for exclusion of this evidence. This motion *in limine* should be denied.

---

1 The Fourth Circuit has broadly interpreted Rule 404(b), holding that it "is an inclusive rule that allows admission of evidence of other acts relevant to an issue at trial except that which proves only criminal disposition." *United States v. Watford*, 894 F.2d 665, 671 (4th Cir. 1990).

In addition, the government may seek to introduce evidence of the defendant's prior criminal convictions, pursuant to FRE 609(a) and (b), to impeach the defendant should he decide to testify as a witness in this case. According to FRE 609(a)(1), evidence that a witness has been convicted of a crime punishable by death or imprisonment in excess of one year in the convicting jurisdiction, shall be admitted in a criminal case in which the witness is a defendant if the probative value of the evidence outweighs its prejudicial effect to that defendant; and the evidence must be admitted for any crime regardless of the punishment, if the court can readily determine that establishing the elements of the crime required proving, or the witness's admitting, a dishonest act or false statement. FRE 609(a)(2).

Here, the crime of forgery of conspiracy to forge bank notes involves dishonesty or false statement and should be admissible, pursuant to FRE 609(a), for the purpose of attacking the defendant's character for truthfulness should he choose to testify in this case. Pursuant to FRE 609(b), the United States has already given notice of its intent to use evidence of the defendant's 1998 criminal convictions from Israel.

FRE 609(b) provides that evidence of a conviction under this rule are not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, unless its probative value, supported by specific facts and circumstances substantially outweighs its prejudicial effect and the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

"The district court is only to depart from the prohibition against the use for impeachment purposes of convictions more than ten years old very rarely and only in exceptional circumstances." *United States v. Beahm*, 664 F.2d 414, 417 (4th Cir. 1981) (citation and

internal quotation marks omitted). However, the Fourth Circuit has also noted that, for impeachment, "[T]he most probative sort of prior conviction is for an offense that indicates a lack of veracity, such as fraud, forgery or perjury." *Id.* at 419 n.6 (citations omitted); *see also United States v. Ollie*, 2014 WL 296244, at *2 (W.D. Pa. Jan. 23, 2014) ("[A] conviction for forgery and theft by deception is the kind of crime that is highly probative of truthfulness . . . ."); *United States v. Reesor*, 10 F. App'x 297, 305–06 (6th Cir. May 7, 2001) (admission of defendant's fraud convictions of more than ten years old not an abuse of discretion).

Where a witness's credibility is "highly relevant" to disputed issues, courts have been more willing to admit old convictions. *See Salmons, Inc. v. First Citizens Bank & Trust Co.*, 2011 WL 4828838, at *2 (E.D. Va. Oct. 11, 2011) (collecting cases); *see also United States v. Steiner*, 2014 WL 688796, at *1–2 (W.D. Pa. Feb. 21, 2014) (granting government's request to introduce defendant's 1993 forgery conviction where "[t]he importance of defendant's testimony and the importance of defendant's credibility are both high.").

Here, the offense of conspiracy to commit forgery clearly shows a lack of veracity and is highly probative of the offender's truthfulness. Should he testify at trial, the defendant's credibility will certainly be at issue, particularly in regard to his knowledge, intent and lack of mistake or accident. The probative value of the defendant's prior forgery conviction substantially outweighs any prejudicial effect. Accordingly, if the defendant chooses to testify in his own defense, this motion should be denied.

Dana J. Boente
United States Attorney

By: /s/
Kimberly R. Pedersen
Assistant United States Attorney
Gordon D. Kromberg
Assistant United States Attorney
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
(703) 837-8242 (fax)
Kimberly.riley.pedersen@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2015, I electronically filed the foregoing GOVERNMENT'S RESPONSE with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

By: /s/

Kimberly R. Pedersen
Assistant United States Attorney
Gordon D. Kromberg
Assistant United States Attorney
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
(703) 837-8242 (fax)
Kimberly.riley.pedersen@usdoj.gov