IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:14cr206 |
| | ) | |
| ITZHAK LOZ, | ) | |
| | ) | |
| RONEN FAKIRO, | ) | |
| | ) | |
| BOAZ BOROHOV, | ) | |
| | ) | |
| OFRA BOROHOV, | ) | |
| | ) | |
| ARKADIY BANGIYEV, | ) | |
| | ) | |
| EDUARD BANGIYEV, | ) | |
| | ) | |
| JOHNNY LEE, | ) | |
| | ) | |
| Defendants. | ) | |

MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
PRELIMINARY ORDER OF FORFEITURE

The United States herein moves the Court, pursuant to the Rule 32.2(b) of the Federal Rules of Criminal Procedure and Title 18, United States Code, Section 1963, to enter a money judgment against each of the defendants, Itzhak Loz, Ronen Fakiro, Boaz Borohov, Ofra Borohov, Arkadiy Bangiyev, Eduard Bangiyev and Johnny Lee, up to $70,474,250 with joint and several liability, against each of the defendants, a sum of money that represents illegal proceeds that the defendants obtained from a conspiracy to participate in the conduct and affairs of a Racketeer Influenced and Corrupt Organizations (RICO) enterprise through a pattern of racketeering activity, in violation of Title 18, United States Code, Section 1962(d), and pursuant

to Title 18, United States Code, Section 1963, to forfeit to the United States all racketeering-related assets of the defendants.

## Procedural Background

A federal grand jury sitting in the Eastern District of Virginia returned a two-count Superseding Indictment (Dkt.# 203) against the defendants on August 7, 2014, charging the defendants with RICO conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1) and conspiracy to commit multiple counterfeiting offenses, in violation of 18 U.S.C. §§ 371, 471, 472, 473 and 474 (Count 2). Included in the Superseding Indictment was a Forfeiture Notice, wherein the defendants were notified that any defendant convicted of Count 1 shall forfeit to the United States any interest the defendant acquired or maintained in violation of 18 U.S.C. § 1962; any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise which such defendant established, operated, controlled, conducted, or participated in the conduct of, in violation of Section1962; and any property constituting, or derived from, any proceeds such defendant obtained, directly or indirectly, in violation of Section 1962.

Subsequent to entering not guilty pleas, defendants Johnny Lee, Ronen Fakiro, Arkadiy Bangiyev, and Eduard Bangiyev all pled guilty to a racketeering conspiracy, Count 1 of the Superseding Indictment, and written plea agreements were entered (Dkt.## 253, 502, 505 507). Included in the written plea agreements was a Forfeiture Notice, wherein each defendant agreed to forfeit all interests in any racketeering-related asset that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any asset traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense, for which the defendant is jointly and severally liable with co-defendants. Defendants Itzhak Loz, Boaz

Borohov and Ofra Borohov also pled guilty to RICO conspiracy, Count 1 of the Superseding Indictment, but without a written plea agreement (Dkt. ## 519, 537, 538). All defendants are pending sentencing.

During investigation of this case, the United States Secret Service discovered that from 2004 and continuing until on or about June 1, 2014, the named defendants conspired to participate in a racketeering enterprise that manufactured high-quality counterfeit U.S. currency overseas and within the United States, and distributed at least $70,474,250 in counterfeit U.S. currency, primarily $100 and $50 Federal Reserve notes, within the United States. To date, approximately $328,787.18 in U.S. currency, nine bank accounts, seven residential properties, one commercial property, six vehicles, miscellaneous machinery and equipment, miscellaneous jewelry, gemstones and coins have been identified as being subject to forfeiture. *See* Declaration of United States Secret Service Special Agent Adam Gabb attached hereto.

## ARGUMENT

Pursuant to Rule 32.2, Federal Rules of Criminal Procedure and 18 U.S.C. § 1963(a)(1) & (a)(3), the United States seeks the entry of money judgments against each defendant, up to $72,468,900, a sum that represents the illegal proceeds obtained by the racketeering enterprise, and an amount for which the defendants will be jointly and severally liable. In addition, pursuant to 18 U.S.C. § 1963 (a)(1), (a)(2) & (a)(3), the United States seeks to forfeit any racketeering-related asset constituting or derived from any proceeds the defendant obtained, directly or indirectly, from racketeering activity, as well as any property affording a source of influence over the racketeering enterprise and substitute assets.

1. Relevant portions of Rule 32.2 (b) of the Federal Rules of Criminal Procedure state as follows:

> As soon as practicable after a verdict or finding of guilty ... on any count in an indictment ... regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay. Fed. R. Crim. P. 32.2(b)(1)(A)

> The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable .... Fed. R. Crim. P. 32.2(b)(1)(B)

> If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of any specific property ... if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property.... Fed. R. Crim. P. 32.2(b)(2)(A).

2. Relevant portions of the RICO statute within the Comprehensive Crime Control Act of 1984, Section 1963(a) & (m), state as follows:

> (a) Whoever violates any provision of section 1962 of this chapter shall … forfeit to the United States, irrespective of any provision of State law –
>
> (1) any interest the person has acquired or maintained in violation of section 1962;
>
> (2) any –
> (A) interest in;
> (B) security of;
> (C) claim against; or
> (D) property or contractual right of any kind affording a source of influence over;
>
> any enterprise which the person has established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962; and
>
> (3) any property constituting, or derived from, any proceeds which the person obtained directly or indirectly, from racketeering activity or unlawful debt collection in violation of section 1962.
>
> The court, in imposing sentence on such person shall order, in addition to any other sentence imposed pursuant to this section, that the person forfeit to the United States all property described in this subsection …

(m) If any of the property described in section (a), as a result of any act or omission of the defendant –

(1) cannot be located upon the exercise of due diligence;
(2) has been transferred or sold to, or deposited with a third party;
(3) has been placed beyond the jurisdiction of the court;
(4) has been substantially diminished in value; or
(5) has been commingled with other property which cannot be divided without difficulty;

The court shall order the forfeiture of any other property of the defendant up to the value of any property described in paragraphs (1) through (5).

3. In 2006, Congress amended 28 U.S.C. § 2461(c) to make the procedures of 21 U.S.C. § 853 (the narcotics forfeiture statute) generally applicable to all federal forfeiture proceedings. Notably, however, long before that 2006 amendment, numerous courts have held that, because RICO's criminal forfeiture provisions under 18 U.S.C. § 1963 are so similar to those of 21 U.S.C. § 853, case law interpreting the latter is persuasive in construing the parallel provisions of the former, and vice versa. *See United States v. McHan*, 101 F.3d 1027, 1042 (4th Cir. 1996)("we generally construe the drug and RICO forfeiture statues similarly").

4. It is well-established that forfeiture is mandatory upon conviction for RICO offenses. *See, United States v. Monsanto*, 491 U.S. 600, 607 (1989)("Congress could not have chosen stronger words to express its intent that the forfeiture be mandatory in cases where the statute applied ...."). Pursuant to the last paragraph of 18 U.S.C. § 1963(a), statutory forfeiture is mandatory in a RICO conviction, subject to Eighth Amendment limitations. "[A]" RICO conviction subjects the violator not only to traditional, though stringent, criminal fines and prison terms, but also mandatory forfeiture under [section] 1963…." *Alexander v. United States*, 509 U.S. 544, 562 (1993). *See, United States v. Basciano*, 2007 WL 29439 at *1 (E.D.N.Y. 2007)(following *Corrado*; RICO forfeiture is mandatory); *United States v. Corrado*, 277 F.3d 543, 522 (6th Cir. 2000)(*Corrado I*)(forfeiture is a mandatory aspect of the sentence); *United*

*States v. Corrado*, 286 F.3d 934, 937 (6th Cir. 2002)(*Corrado II*)(same); *United States v. Corrado*, 304 F.3d 593, 610 (6th Cir. 2002)(*Corrado III*)(same); *United States v. DeFries*, 909 F. Supp. 13, 15 (D.D.C. 1994)(the court has no discretion to withhold forfeiture or adjust the amount; the court's role is "merely to ascertain if the requisite nexus exists"), *rev'd on other grounds*, 43 F.3d 707 (D.C. Cir. 1997).

5. "Criminal forfeiture [under the RICO statute] is part of a defendant's sentence." *United States v. Rosga*, 864 F. Supp 2d 439 (E.D.Va. 2012), *citing United States v. Martin*, 662 F.3d 301, 306 (4th Cir. 2011). As the Fourth Circuit has observed, the RICO statute contains what is "by far the most far reaching forfeiture provision, 'sweeping far more broadly' than the substantive RICO offense itself." *United States v. Cherry*, 330 F.3d 658, 669 n.18 (4th Cir. 2003). *See also, United States v. Blackman*, 746 F.3d 137 (4th Cir. 2014)(forfeiture is mandatory and not a discretionary element of sentencing); *United State v. Maxwell*, 189 F. Supp. 2d 395, 399 n.2 (E.D.Va. 2002)(because criminal forfeiture is mandatory, the primary issue before the trial court is not whether to issue a forfeiture order, but its size and scope).

6. A court may order the forfeiture of a money judgment against the defendant in a sum of money equal to the total proceeds of the crime, not the percentage of those proceeds remaining in the defendant's possession at the time of sentencing. *Blackman* at 144, *quoting United States v. Hampton*, 732 F.d3d 687 692 (6th Cir. 2013). *See*, *United States v. Newman*, 659 F.3d. 1235 (9th Cir. 2011)("forcing defendants to disgorge their ill-gotten gains, even those [ill-gotten gains] already spent," insures that defendants do not benefit from their crime; when the Government seeks a money judgment, the district court's only role, under Rule 32.2(b) is to determine the amount of money that the defendant will be ordered to pay; U*nited States v. Smith*, 656 F.3d 821 (8th Cir. 2011) (following all other circuits, but basing the authority to impose a

money judgment under the rule requiring liberal construction, forfeiture of a money judgment as a mechanism for forfeiting the property the defendant may acquire in the future as substitute assets); *United States v. Olguin*, 643 F.3d 384 (5th Cir. 2011)(because the forfeiture statute is broadly worded and must be "liberally construed," a court must assume that any property of the defendant may be forfeited unless specifically excluded from the scope of the statute; because the statute does not exclude money judgments, a forfeiture order may take that Rule 32.2(b) is to determine the amount of money that the defendant will be ordered to pay); *United States v. Awad*, 598 F.3d 76,79 (2nd Cir. 2010)(following all other circuits; contrary interpretation would create an incentive for criminals to spend their proceeds to avoid forfeiture); *United States v. Misla-Aldarondo*, 478 F.3d 52, 73-74 (1st Cir. 2007)("If the Government has proven that there was at one point an amount of cash that was directly traceable to the offenses, and thus would be forfeitable [it] is sufficient for a court to issue a money judgment, for which the defendant will be fully liable whether or not he still has the original corpus of tainted funds - indeed, whether or not he has any funds at all"); *United States v. Vampire Nation*, 451 F.3d 189, 202 (3rd Cir. 2006)(a forfeiture order may take the form of a judgment for a sum of money equal to the proceeds the defendant obtained from the offense, even if he no longer has those proceeds, or any other assets, at the time he is sentenced; such a construction of the statute is consistent with the mandatory nature of criminal forfeiture and the provision directing courts to liberally construe its provisions to effectuate their remedial purposes).

7. All of a defendant's interests in a RICO enterprise are subject to forfeiture. "[When a defendant is convicted] the RICO statute subjects all his interest in the [RICO] enterprise to forfeiture 'regardless of whether those assets were "themselves" tainted by use in connection with the racketeering activity.'" *United States v. Anderson*, 782 F.2d 908, 918 (11th

Cir. 1986) *quoting United States v. Cauble*, 706 F.2d 1322, 1359 (5th Cir. 1983). *See, United States v. Segal*, 495 F.3d 826, 838-39 (7th Cir. 2007)(defendant's entire interest in the [RICO] enterprise is forfeitable under Section 1963(a)(2)); *United States v. Angiulo*, 897 F.2d 1169, 1211 (1st Cr. 1990)("any interest in an enterprise, including the enterprise itself, are subject to forfeiture in their entirety, regardless of whether some portion of the enterprise is not tainted by racketeering activity"). "Forfeiture is not limited to those assets of a RICO enterprise that are tainted by use in connection with racketeering activity, but rather extends to the convicted person's entire interest in the enterprise"). *United States v. Busher*, 817 F.2d 1409, 1413 (9th Cir. 1987). Even untainted property received by the RICO enterprise after the racketeering activity ceased is subject to forfeiture under subsection 1963(a)(2)(A). *See, United States v. BCCI Holdings (Luxembourg) S.A. (Petition of Pacific Bank)*, 956 F. Supp. 5, 12 (D.D.C. 1997).

8. Both 18 U.S.C. § 1963(a)(1) and 18 U.S.C. § 1963(a)(3), which was added to the RICO statute in 1984, specifically includes forfeiture of any proceeds or property derived from proceeds obtained in violation of RICO. Therefore, the effect of a forfeiture order involving proceeds is similar to that of a money judgment, in that a defendant is required to forfeit the amount of illicit proceeds as determined by the court, even if the funds used to satisfy the forfeiture are not tainted or if the defendant no longer possesses the tainted funds. See, e.g., *United States v. Edwards*, 303 F.3d 606, 643-44 (5th Cir. 2002)(upholding forfeiture of $1.8 million pursuant to jury's finding that the amount to be proceeds obtained by the RICO defendants, *cert. denied* 548 U..S. 908 (2006); *United States v. Segal*, 330 F. Supp.2d 1039, 1050 (N.D. Ill.2004) (even proceeds squandered by defendant on "wine, women, and song" are subject to forfeiture because such monies represent racketeering profits; jury finding of proceeds amount was supported by evidence obviating dollar-for dollar tracing). This money-judgment

enforcement procedure obviates the need for tracing the defendant's asset to be forfeited to criminal activity. If the defendant cannot provide funds to satisfy the forfeiture, the court may order forfeiture of substitute assets up to the value of the forfeited proceeds if substitute asset forfeitures were included in the indictment's forfeiture pleadings. In that instance, unlike a money judgment, the forfeiture of substitute assets permits the Government to seize and forfeit the substituted assets.

9. While subsections A, B, and C of Section 1963(a)(2) are limited to interest in, securities of, or claims against the [racketeering] enterprise, subsection 1963(a)(2)(D) is much broader and makes forfeitable any property or contractual right affording a source of influence over an enterprise. Under subsection D, any property or interest of a defendant that is not directly part of an enterprise, but which allows the defendant to exert control or influence over the enterprise, is subject to forfeiture. See *United States v. Thevis*, 474 F. Supp. 134, 144 (N.D. Ga. 1979), *aff'd*, 665 F.2d 616 (5th Cir.), *cert. denied*, 459 U.S. 825 (1982)(though phrase "property or contractual right of any kind affording a source of influence over … any enterprise" is broad, it is neither vague nor ambiguous, and not unconstitutional). Moreover, subsection D applies to instrumentalities used in the offense, such as buildings or vehicles used in narcotics transactions, or an interest in a bank involved in laundering drug money, if these interests afforded a source of influence over the illegal enterprise. *See, e.g., United States v. West*, 877 F.3d 281, 292 (4th Cir. 1989)(two houses used for storage and sales of drugs afforded defendant a source of influence over enterprise), *cert. denied*, 493 U.S. 9659 (1989); *United States v. Zielie,* 743 F.2d 1447, 1458-59 (11th Cir. 1984)(Government successfully forfeited property that was used for storing marijuana and for counting money from marijuana sales); *United States v. Rudaj*, 2006 WL 1876664, *3-4 (S.D.N.Y. July 5, 2006)(real property where defendants met to

conduct racketeering activity is forfeitable under Section 1963(a)(2)(D) as property affording a source of influence over RICO enterprise).

Further, Section 1963(a)(2)(D) forfeitures are subject to the court's determination of the extent to which they actually afford a source of influence over the enterprise, the so-called "taint" analysis. In *United States v. McKeithen*, 822 F.2d 310 (2d Cir), a CCE forfeiture case, the appellate court held that where a set of buildings only partially (forty-three percent) afforded a defendant a source of influence over an enterprise, the buildings should be subdivided so that forfeiture would be proportional. *Id.* at 312-15.

10. Forfeiture of substitute property under 18 U.S.C. §1963(m) is also mandatory. Not even certain types of property can be insulated from forfeiture as a substitute asset. *United States v. Bollin*, 264 F.3d 391, 417-419 (4th Cir. 2001). *See, United States v. Garza*, 407 Fed. Appx. 322,324 (10th Cir. 2011)(following *Alamoudi*); *United States v. Smith*, 2010 WL 4962917, *1 (E.D.Ky. Dec. 1, 2010)(following *Alamoudi)*; *United States v. Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006)(when the Government cannot reach the property initially subject to forfeiture, federal law requires a court to substitute assets for the unavailable tainted property).

11. "Forfeiture is mandatory even when restitution is also imposed. These two aspects of a defendant's sentence serve distinct purposes: restitution functions to compensate the victim, whereas forfeiture acts to punish the wrongdoer." *Blackman* at 143, *quoting Newman* at 1241. "Because restitution and forfeiture are distinct remedies, ordering both in the same or similar amounts does not generally amount to a double recovery." *Id., quoting McGinty* at 1247. *See, United States v. Torres*, 703 F.3d 194, 204 (2d Cir. 2012) (collecting cases); *United States v. Alalade*, 204 F.3d 536, 537 (4th Cir. 2000) (affirming the imposition of both forfeiture and restitution).

12. Forfeiture is part of sentencing. *Libretti v. United States*, 516 U.S. 29 (1995) ("criminal forfeiture is an aspect of punishment imposed following conviction of a substantive criminal offense."); *United States v. Martin*, 662 F.3d 301, 309 (4th Cir. 2011)(the purpose of forfeiture is "to deprive criminals of the fruits of their illegal acts and deter future crimes"). "Because forfeiture represents a penalty, rather than a separate criminal offense or an element of a criminal offense … the preponderance standard govern[s]." *United States v. Cherry*, 330 F.3d 658, 669 (4th Cir. 2003). *See United States v. Tanner*, 61 F.3d 231, 234 (4th Cir. 1995). *See* Declaration of United States Secret Service Special Agent Adam Gabb, wherein details of the racketeering enterprise investigation clearly show that the preponderance standard has been met and that the identified assets are subject to forfeiture pursuant to 18 U.S.C. § 1963.

<u>CONCLUSION</u>

The racketeering enterprise in which the defendants participated obtained at least $70,474,250 in illegal proceeds from the manufacture and distribution of counterfeit U.S. currency in violation of 18 U.S.C. § 1962(d). Therefore, pursuant to *Fed. R. Crim. P.* 32.2 and 18 U.S.C. §1963(a)(1), (a)(2) & (a)(3), the United States requests that money judgments in the amount of $70,474,250 be entered against defendants Itzhak Loz, Arkadiy Bangiyev, Eduard Bangiyev; in the amount of $20,000,000 against defendants Ronen Fakiro, Boaz Borohov and Ofra Borohov; and in the amount of $16,000,000 against Johnny Lee; each of these amounts for which the defendants shall be jointly and severally liable.

Further, pursuant to 18 U.S.C. § 1963(a)(1) & (a)(3), approximately $102,196 U.S. currency, and all vehicles be forfeited to the United States as proceeds of the racketeering enterprise; pursuant to 18 U.S.C. §1963(a)(2) that approximately $226,592 in United States currency, all bank accounts, three residential properties and one commercial property, all equipment and machinery be forfeited as property affording an influence over the racketeering

enterprise; and pursuant to 18 U.S.C. § 1963 (a)(m) that four residential properties, and all jewelry, gemstones and coins be forfeited as substitute assets. See detailed list of assets attached to the proposed Order of Forfeiture.

Respectfully submitted,

Dana J. Boente
United States Attorney

/s/

Kimberly R. Pedersen
Assistant United States Attorney
Attorneys for the United States of America
United States Attorney's Building
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3843
Fax: 703-299-3981
Email Address: kimberly.riley.pedersen@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all attorneys of record.

/s/

Kimberly R. Pedersen
Assistant United States Attorney
Attorneys for the United States of America
United States Attorney's Building
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3843
Fax: 703-299-3981
Email Address: kimberly.riley.pedersen@usdoj.gov