IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:14cr206 |
| | ) | |
| ITZHAK LOZ, | ) | |
| | ) | |
| RONEN FAKIRO, | ) | |
| | ) | |
| BOAZ BOROHOV, | ) | |
| | ) | |
| OFRA BOROHOV, | ) | |
| | ) | |
| ARKADIY BANGIYEV, | ) | |
| | ) | |
| EDUARD BANGIYEV, | ) | |
| | ) | |
| JOHNNY LEE, | ) | |
| | ) | |
| Defendants. | ) | |

PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on August 7, 2014, a federal grand jury sitting in the Eastern District of Virginia returned a Superseding Indictment against the defendants, Itzhak Loz, Ronen Fakiro, Boaz Borohov, Ofra Borohov, Arkadiy Bangiyev, Eduard Bangiyev, and Johnny Lee and others, charging them with RICO conspiracy (Count 1), in violation of 18 U.S.C. § 1962(d), and conspiracy to commit various counterfeiting offenses, in violation of 18 U.S.C. §§ 371, 471, 472, 473 and 474 (Count 2).

WHEREAS, included in the Superseding Indictment was a Forfeiture Notice wherein the defendants were notified if any defendant was convicted of RICO conspiracy (Count 1), all property acquired by the defendant in violation of 18 U.S.C. § 1962, including substitute assets,

would be forfeited to the United States.

WHEREAS each named defendant pled guilty to RICO conspiracy (Count 1 of the Superseding Indictment), in violation of 18 U.S.C. § 1962(d).

AND WHEREAS, the RICO enterprise in which the defendants conspired to participate obtained at least $70,474,250 in illegal proceeds from the manufacture and distribution of United States currency within the United States.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Pursuant to Fed. R. Crim. P. 32.2(b) and 18 U.S.C. § 1963(a)(1), 1963(a)(2) & 1963(a)(3), the United States of America shall enter individual money judgments against the defendants as follows: $70,474,250 money judgment against Itzhak Loz; $70,474,250 money judgment against Arkadiy Bangiyev; $70,474,250 money judgment against Eduard Bangiyev; $20,000,000 money judgment against Ronen Fakiro; $20,000,000 against Boaz Borohov; $20,000,000 money judgment against Ofra Borohov; and $16,000,000 money judgment against Johnny Lee. Each defendant shall be jointly and severally liable up to the amount of his or her individual money judgment.

2. The money judgment shall be included in the sentence of the defendant, in or out of the presence of the defendant, and included in the Judgment in this case. The United States may collect said money judgment by all available means.

3. Pursuant to 18 U.S.C. § 1963(a)(1), 1963(a)(2) & 1963(a)(3), in partial or full satisfaction of the individual money judgments, the following property is forfeited to the United States of America as racketeering-related property or substitute property thereof:

CASH/CHECK

1. Approximately $71,494.00 U.S. currency seized by law enforcement authorities from the business premises of A.K. 47th Street Buyers, located at 74 West 47th Street in New York, New York on May 28, 2014;

2. Approximately $47,950.00 U.S. currency seized by law enforcement authorities from the residence of Eduard Bangiyev, located at 110-37 69th Avenue in Forest Hills, New York, on May 28, 2014;

3. Approximately $8,718.30 U.S. currency seized by law enforcement authorities from the residence of Arkadiy Bangiyev, located at 102-02 65th Road in Forest Hills or Flushing, New York on May 28, 2014;

4. Approximately $50,421.00 U.S. currency seized on May 28, 2014, by law enforcement authorities from the luggage of Ronen Fakiro in room no. 104 of the Lexington Hotel in Jamaica, New York;

5. Approximately $44,940.17 U.S. currency seized on May 28, 2014, by law enforcement authorities from the luggage of Itzhak Loz in room no. 109 of the Lexington Hotel in Jamaica, New York;

6. Approximately $5,935.80 U.S. currency seized on May 28, 2014, by law enforcement authorities from the warehouse property known as Unit No. l8 at 620 Deer Road, Cherry Hill, New Jersey;

7. Approximately $900.00 U.S. currency seized on June 1, 2014, by law enforcement authorities in Fort Lauderdale, Florida;

8. Approximately $954.74 U.S. currency seized on May 27, 2014, by law enforcement authorities from Eduard Bangiyev in Stroudsburg, Pennsylvania;

9. Capital One Bank Cashier Check no. 900644, dated December 2, 2014, in the amount of $97,473.95, held in the escrow account of Nina Ginsberg, attorney for Eduard Bangiyev.

BANK ACCOUNTS

1. All funds in any and all TD Bank accounts, financial instruments and safe deposit boxes held in the name of Eduard Bangiyev or on which he is a signatory, including but not limited to account no. 793-0043760, held in the name of Eduard Bangiyev, and account no. 427-0124400, held in the name of M&A Star Realty, LLC;

2. All funds in any and all TD Bank accounts, financial instruments and safe deposit boxes held in the name of Arkadiy Bangiyev or on which he is a signatory, including but not limited to following accounts:
   (i) account no. 793-0048926, held in the name of Arkadiy Bangiyev;
   (ii) account no. 426-1239268, held in the names of Arkadiy Bangiyev and Anna Bangiyev, and
   (iii) account no. 792-09678949, held in the names of Arkadiy Bangiyev and Illana Bangiyev;

3. All funds in any and all PNC Bank accounts, financial instruments, and safe deposit boxes held in the name of Eduard Bangiyev or on which he is a signatory, including but not limited to account no. 805-960-6249, held in the name of A.K. 47th Street Buyers;

4. All funds in any and all Bank of America accounts, financial instruments, and safe deposit boxes held in the name of Ronen Fakiro or on which he is a signatory, including but not limited to account no. 381037288938, held in the name Ronen Fakiro and account no. 3188037288776, held in the names of Ronen Fakiro and Itzhak Loz;

5. All funds in any and all Bank of America accounts, financial instruments, and safe deposit boxes held in the name of Itzhak Loz or on which he is a signatory, including but not limited to account no. 910203201, held in the name Itzhak Loz.

REAL PROPERTY

1. Real property and premises known as 102-02 65th Road, Flushing, New York recorded in the names of Ilana Bangiyev, Irina Alishayeva and Arkadiy Bangiyev;

3. Real property and premises known as 98-21 67th Avenue, Flushing, New York, recorded in the names of Ilana Bangiyev and Irina Alishayeva;

4. Real property and premises known as 98-23 67th Avenue, Flushing, New York, recorded in the names and Ilana Bangiyev; of Irina Alishayeva;

5. Real property and premises known as 112-44 68th Avenue, Forest Hills, New York, recorded in the names of Arkadiy Bangiyev and Anna Bangiyev;

6. Real property and premises known as 110-37 69th Avenue, Forest Hills, New York, recorded in the names of Eduard Bangiyev, Irina Alishareyva, Arkadiy Bangiyev, and Ilana Bangiyeva;

7. Real property and premises known as 108-14 64th Road, Forest Hills, New York, deeded in the name of M & A Star Realty, LLC;

8. All shares of stock and proprietary lease related to the residential cooperative apartment known as Unit 10N, 61-25 98th Street, Rego Park, New York, titled in the names of Arkadiy Bangiyev and Ilana Bangiyev;

9. Land and premises with appurtenances known as the warehouse property (condominium) located at 620 Deer Road, Unit 18, Cherry Hill, New Jersey, titled in the names of Itzhak Loz and Ronen Fakiro.

VEHICLES

1. 2011 LR4 Range Rover, black, VIN: SALAK2D48BA557140, registered in the name of Irina Alishayeva, Forest Hills, New York;

2. 2012 Land Rover, VIN: SALMP1E47CA389368, registered in the name of Eduard Bangiyev, Henryville, Pennsylvania;

3. 2011Range Rover, black, VIN: SALAK2D48BA557140, registered in the name of Eduard Bangiyev, Henryville, Pennsylvania;

4. 2006 Bentley, VIN: SCBBR53W36C039767, registered in the name of Eduard Bangiyev, Henryville, Pennsylvania;

5. 2013 Mini Cooper, VIN: WMZC5C58DWP34212, registered in the name of Sharon McFarlane-Jones, Elmont, New York;

6. 2009 Nissan Infiniti, VIN: JNRAS18W19M156163, registered in the name of Sharon McFarlane-Jones, Hempstead, New York.

EQUIPMENT/MACHINERY

1. All printing and office equipment and machinery seized on May 28, 2014, by law enforcement authorities from Unit No. 18 at the warehouse property known as 620 Deer Road, Cherry Hill, New Jersey. See attached Assets – Machinery/Equipment;

2. Three counting machines seized on May 28, 2014, by law enforcement authorities from the residence of Eduard Bangiyev, located at 110-37 69th Avenue in Forest Hills, New York. See attached Assets – Machinery/Equipment.

JEWELRY/GEMSTONES

1. All jewelry and gemstones seized on May 28, 2014, by law enforcement authorities from the residence of Eduard Bangiyev, located at 110-37 69th Avenue in Forest Hills, New York. See attached Assets – Jewelry and Assets – Gemstones;

2. All jewelry and gemstones seized on May 28, 2014, by law enforcement authorities from the residence of Arkadiy Bangiyev, located at 102-02 65th Road, Rego Park, New York. See attached Assets – Jewelry and Assets – Gemstones;

3. All jewelry, gemstones and coins seized on May 28, 2014, by law enforcement authorities from A.K. 47th Street Buyers located in New York, New York. See attached Assets – Jewelry and Assets –Gemstones;

4. Two men's watches seized on May 28, 2014, by law enforcement authorities from Itzhak Loz and Ronen Fakiro at the Lexington Inn & Suites located in Jamaica, New York. See attached Assets – Jewelry;

5. Man's watch seized on May 28, 2014, by law enforcement authorities from Eduard Bangiyev at the Monroe County Courthouse in Stroudsburg, Pennsylvania. See attached Assets – Jewelry.

COINS

1. All coins seized on May 28, 2014, by law enforcement authorities from the residence of Eduard Bangiyev, located at 110-37th 69th Avenue in Forest Hills, New York. See attached Assets - Coins;

2. All coins seized on May 28, 2014, by law enforcement authorities from the residence of Eduard Bangiyev, Irina Alishareyva, Arkadiy Bangiyev, and Ilana Bangiyev, located at 110-37 69th Avenue, Forest Hills, New York. See Attached Assets – Coins.; and

3. All coins seized on May 28, 2014, by law enforcement authorities from A.K. 47th Street Buyers, located at 74 W. 47th Street, New York, New York. See attached Assets – Coins.

4. The Attorney General, Secretary of the Treasury, the Secretary of Homeland Security, or a designee, is hereby authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture pursuant to Fed. R. Crim. P. 32.2 (b)(3) and 18 U.S.C. § 1963(e) & § 1963(f).

5. The United States shall publish notice of this order and of its intent to dispose of the property one time in such manner as the Attorney General may direct, and to include publication on the Government's Internet site, www.forfeiture.gov, and to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property pursuant to Fed. R. Crim. P. 32.2(b)(6) and 18 U.S.C. §1963(*l*)(1).

6. This Consent Order of Forfeiture is final as to the defendant, and shall be made part of his sentence and included in the Judgment in this case pursuant to Fed. R. Crim. P. 32.2(b)(4) and 18 U.S.C. § 1963(*l*)(2).

7. Any person, other than the defendant, asserting any legal interest in the property may, within thirty (30) days of the final publication of notice or his receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest in the property pursuant to Fed. R. Crim. P. 32.2(c)(1) and 18 U.S.C. §1963(*l*)(2).

8. If no third party files a timely petition or if this Court denies and/or dismisses all third party petitions timely filed, this Consent Order shall become the Final Order of Forfeiture, and the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to Fed. R. Crim. P. 32.2(c)(2) and 18 U.S.C. § 1963(*l*)(7).

9. If this Court grants any third party rights, a Final Order of Forfeiture that amends this Consent Order as necessary to account for said third party rights, shall be entered pursuant to Fed. R. Crim. P. 32.2(c)(2) and 18 U.S.C. § 1963(*l*)(6).

Dated: April _____, 2014.