IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>ITZHAK LOZ, )<br>)<br>Defendant. ) | Criminal No: 1:14cr206  -001 |

POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING FACTORS

In accordance with Section 6A1.2 of the *Sentencing Guidelines* and this Court's policy regarding guideline sentencing, the government hereby represents that it has reviewed the Probation Office's presentence report and that, with the one exception described below, it does not dispute any of the factors or facts set out therein.

At Paragraph 69, the presentence report reflects that the defendant's offense level was decreased by one additional level pursuant to USSG § 3E1.1(b), on the grounds that he assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of the intention to enter a plea of guilty. The reduction of the defendant's offense level under Section 3E1.1(b) was incorrect, because the defendant did not timely notify authorities of his intention to enter a plea of guilty.

Loz did not enter his guilty plea until January 20, 2015. As the Court likely recalls, the trial of Loz and three co-defendants was scheduled to begin on that very date, but was postponed to January 22, 2015 after the co-defendants all entered guilty pleas on January 15, 2015. Moreover, although the defendant signaled his intent to plead guilty shortly after his co-

defendants pled guilty on January 15th, he ultimately entered his guilty plea without a written plea agreement executed at an earlier time. In any event, the government's exhibits had by that time been filed, and the witnesses had by that time been subpoenaed and prepared to testify.

Under such circumstances, it simply cannot accurately be said that Loz's notification to authorities of his intention to enter a plea of guilty was "timely" for purposes of Section 3E1.1(b) of the *Sentencing Guidelines*. As a result, his offense level is not Level 38 as calculated in the Pre-Sentence Report, but instead Level 39. Accordingly, his guideline range is not the 235-240 months (with the upper end capped at 240 months because the statutory maximum for Loz's offense is 240 months) set forth in the Pre-Sentence Report. Instead, because the lowest point of the otherwise applicable range of 262-327 months for a Level 39 offense is higher than the statutory maximum for Loz's offense, his actual guideline sentence is simply 240 months.

## The Sentence to be Imposed

The Court has seen extensive evidence in this case regarding the nature of the defendant's offense and there is no need to describe it in detail again here. Counterfeiting devalues and destabilizes genuine currency. Individuals or businesses that accept counterfeit currency in exchange for goods or services suffer direct and immediate losses. Banks that fail to detect counterfeit upon receipt similarly suffer a loss when it is detected at the Federal Reserve.

The United States Treasury Department, along with the Bureau of Engraving and Printing, the Federal Reserve, and the USSS, vigorously investigate counterfeiting, and periodically redesign U.S. currency with more complex security features in an attempt to foil counterfeiters. The periodic redesign of U.S. currency, in conjunction with educating the public about newly issued currency, is an ongoing and costly effort necessitated by the need to thwart sophisticated counterfeiting operations.

The sentence imposed in this case must afford adequate deterrence to this defendant, who engaged in the most sophisticated of counterfeiting operations for years. It also must afford adequate deterrence to the general public by demonstrating that the costs of being caught outweigh the enormous financial gain potentially available from the production of counterfeit currency. Applying these sentencing factors to this case demonstrates that a guidelines sentence is one which is not greater than necessary to meet the goals of § 3553.

In light of the Section 3553(a) factors, and in the context of the defendant's leadership of a racketeering enterprise that manufactured and distributed more than $70,000,000 in counterfeit U.S. currency between 2004 and 2014, the Court should impose a prison sentence of 240 months. Moreover, the Court should order the forfeiture of the specific assets identified in the government's proposed forfeiture order, and include in its forfeiture order a money judgment against the defendant in the amount of $70,000,000.

Respectfully submitted,

Dana J. Boente
United States Attorney

By:     /s/    .
Gordon D. Kromberg
Assistant United States Attorney
Virginia Bar No. 33676
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
(703) 837.8242 (fax)
gordon.kromberg@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2015, I electronically filed the foregoing Position of the United States with Respect to Sentencing Factors with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) such filing to counsel of record.

    /s/                           .
Gordon D. Kromberg
Assistant United States Attorney
Virginia Bar No. 33676
Assistant United States Attorney
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
(703) 837.8242 (fax)
gordon.kromberg@usdoj.gov