IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:14cr 206-001 |
| | ) | |
| ITZHAK LOZ | ) | |

PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on January 20, 2015, defendant Itzhak Loz pled guilty to Count One of the Superseding Indictment charging him with participating in a Racketeer Influenced and Corrupt Organizations ("RICO") conspiracy, in violation of 18 U.S.C. § 1962(d);

AND WHEREAS, it was reasonably foreseeable to the defendant that he and his co-conspirators obtained from the racketeering activity, directly or indirectly, at least $50,000,000 in proceeds during the period in which he participated in the conspiracy;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Pursuant to 18 U.S.C. §§ 1963(a)(1) and (a)(2), the following properties are forfeited to the United States of America as interests the defendant acquired or maintained in violation of 18 U.S.C. § 1962, or any (a) interest in; (b) security of; (c) claim against; or (d) property or contractual right of any kind affording a source of influence over the racketeering enterprise which the defendant established, operated, controlled, conducted or in which he participated, in violation of 18 U.S.C. § 1962:

a. The real property and premises with appurtenances known Unit 18 in the warehouse property (condominium) located at 620 Deer Road, in Cherry Hill, New Jersey;

b. One Heidelberg Speedmaster Offset Press MN, SN: SM52-2, 206185 2003 with miscellaneous components on wood pallet, seized on May 28, 2014, from Unit No. 18 at 620 Deer Road, Cherry Hill, New Jersey;

c. One Ryobi (A.B. Dick) Offset Press, MN: 9995Z, seized on May 28, 2014, from Unit No. 18 at 620 Deer Road, Cherry Hill, New Jersey;

d. One Challenge Paper Cutter, SN: 95523E, seized on May 28, 2014, from Unit No. 18 at 620 Deer Road, Cherry Hill, New Jersey; and

e. Miscellaneous printing and office equipment seized on May 28, 2014, from Unit No. 18 at 620 Deer Road, Cherry Hill, New Jersey (with an estimated value of approximately $26,490); and

f. $5,935.80 U.S. currency seized on May 28, 2014, from Unit No. l8 at 620 Deer Road, Cherry Hill, New Jersey.

2. Pursuant to 18 U.S.C. §§ 1963(a)(3) and (m), the following properties are forfeited to the United States of America as assets constituting or derived from any proceeds the defendant obtained, directly or directly, from counterfeiting or racketeering, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense:

A. Approximately $9,678.75 in account 910203201, at Bank of America, held in the name of Itzhak Loz;

B. Approximately $7,505.71 in account 381037288776, at Bank of America, held in the Names of Itzhak Loz and Ronen Fakiro

C. $44,940 in U.S. Currency Seized on May 28, 2014, From the Luggage of Itzhak Loz at the Lexington Hotel;

D. One Breitling Stainless Steel Chronograph Bracelet Watch Seized on May 28, 2014, from Itzhak Loz at the Lexington Hotel; and

E. Approximately $1,000,000 Seized from Marfin Bank in Romania.

3. Pursuant to 18 U.S.C. §§ 1963(a)(3) and Fed. R. Crim. P. 32.2(b)(1)(A), the defendant shall forfeit $50,000,000 to the United States, representing proceeds obtained, directly or indirectly, from the racketeering activity that is the subject of his conviction, and, accordingly, a

money judgment in that amount is hereby entered against him in favor of the United States of America.

4. The defendant's liability for the money judgment described in Paragraph 3 of this Order shall be reduced by the net amount of money that is realized by the United States upon the final forfeiture of the assets described in Paragraph 2, above, free from the claims of any other party.

5. The defendant's liability for the money judgment described in Paragraph 3 of this Order shall be joint and several with that of Ronen Fakiro; Arkadiy Bangiyev; Eduard Bangiyev; Boaz Borohov; Ofra Borohov; and Johnny Lee.

6. The Attorney General, or a designee, is hereby authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture pursuant to Fed. R. Crim. P. 32.2 (b)(3) and 18 U.S.C. §§ 1963(g)(4) & (5).

7. The United States shall publish notice of this order and of its intent to dispose of the property in such manner as the Attorney General may direct, including publication on the Government's Internet site, www.forfeiture.gov , for 30 consecutive days, and to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property, pursuant to Fed. R. Crim. P. 32.2(b)(6) and 18 U.S.C. § 1963(l)(1).

8. This Preliminary Order of Forfeiture is final as to the defendant, and shall be made part of the defendant's sentence and included in the Judgment in this case pursuant to Fed. R. Crim. P. 32.2(b)(3) and 18 U.S.C. § 1963(a).

9. Any person, other than the defendant, asserting any legal interest in the property may, within 30 days of the final publication of notice or his receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest in the property pursuant to Fed. R. Crim. P. 32.2(c)(1) and 18 U.S.C. § 1963(1)(2).

10. If no third party files a timely petition or if this Court denies and/or dismisses all third party petitions timely filed, this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture, and the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to Fed. R. Crim. P. 32.2(c)(2) and 18 U.S.C. § 1963(l)(7).

11. If this Court grants any third party rights, a Final Order of Forfeiture that amends this Order of Forfeiture as necessary to account for said third party rights, shall be entered pursuant to Fed. R. Crim. P. 32.2(c)(2) and18 U.S.C. § 1963(1)(6).

Dated this ___________ day of September 2015.

________________________

I ASK FOR THIS:

____________________________
Gordon D. Kromberg
Assistant United States Attorney